UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY VICTOR SMITH,

        Petitioner,

                                        Case No. 2:20-cv-11525
v.                                       Honorable Sean F. Cox

SHERMAN CAMPBELL,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR A STAY (ECF No. 4)**

This matter initially came before the Court on petitioner Henry Victor Smith's *pro se* habeas corpus petition under 28 U.S.C. § 2254. (ECF No. 1.)  After the Court ordered the State to file a responsive pleading, Petitioner asked the Court to hold his habeas petition in abeyance while he sought relief in state court. (ECF No. 4.)  For the reasons stated below, the Court will deny the motion.

## I.  Background

In 2014, following a jury trial in Kalamazoo County Circuit Court, Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529. (ECF No. 1, PageID.1.)  The trial court sentenced Petitioner as a habitual offender to a term of twenty-five to fifty years in prison.  *Id*.

Petitioner alleges that he filed a timely appeal of right, raising the following claims: (1) the admission of evidence about his drug use violated the Michigan Rules of Evidence and his right to a fair trial; (2) the prosecutor erred and violated his right to due process by eliciting evidence of heroin use; (3) trial counsel was constitutionally ineffective for failing to file a timely alibi notice and failing to call the alibi witness at trial; (4) he was denied a fair trial because the jurors were allowed to see him outside the courtroom in handcuffs; and (5) the trial judge prevented him from pursuing a defense and acted partially in preventing defense counsel from asking a police officer about the appearance of Petitioner's hands when he was arrested. *Id*. at PageID.2  The Michigan Court of Appeals rejected these claims and affirmed Petitioner's convictions. *See People v. Smith*, No. 322745, 2015 WL 6438294 (Mich. Ct. App. Oct. 22, 2015).  Petitioner states that he raised the same claims in the Michigan Supreme Court, which denied leave to appeal on June 28, 2016. *See People v. Smith*, 499 Mich. 968; 880 N.W.2d 573 (2016).

On or about May 7, 2017, Petitioner filed a motion for relief from judgment in which he argued that: (1) his trial attorney was constitutionally ineffective for failing to (a) reasonably investigate an alibi witness until the day before trial, (b) reasonably advise Petitioner about his right to testify, and (c) move to dismiss the untimely habitual-offender notice; (2) the habitual-offender notice was filed before the mandatory 21-day statutory period; and (3) appellate counsel was

2

constitutionally ineffective for failing to raise these claims. (ECF No. 1, PageID.2-3.) The trial court denied Petitioner's motion, and the state appellate courts denied leave to appeal. *Id.* at PageID.3.

On June 2, 2020, Petitioner filed his habeas corpus petition. His grounds for relief, as set forth in his supporting brief, read as follows:

> I. The trial court admitted evidence regarding Petitioner's heroin addiction, in violation of the Due Process Clause of the Fourteenth Amendment.
>
> II. The prosecutor elicited testimony regarding Petitioner's heroin addiction and argued that he was guilty because he was a heroin addict, in violation of the Due Process Clause of the Fourteenth Amendment.
>
> III. Trial counsel as constitutionally ineffective for failing to (A) file a timely alibi notice, (B) call the alibi witness, (C) reasonably investigate the alibi witness, (D) reasonably advise Petitioner regarding his right to testify, and (E) file a motion to dismiss the untimely habitual-offender notice.
>
> IV. The jurors saw Petitioner being transported by the deputies while in custody, in violation of the Due Process Clause of the Fourteenth Amendment.
>
> V. The trial court prevented Petitioner from presenting a defense and acted partially in preventing defense counsel from asking a police officer about the appearance of Petitioner's hands when he was arrested, in violation of the Due Process Clause of the Fourteenth Amendment.
>
> VI. Appellate counsel as constitutionally ineffective for failing to raise habeas claims III(C), III(D), and III(E).

(ECF No. 1, PageID.12-13.)

3

In his pending motion, Petitioner asks the Court to hold his habeas petition in abeyance so that he can file a successive motion for relief from judgment in the state trial court. He seems to be saying that recent state-court decisions undermine the state courts' decisions in his case and that an amendment to Michigan Court Rule 6.508(D)(2) entitles him to file a successive motion for relief from judgment in state court. (ECF No. 4, PageID.116.) Respondent did not file an answer to Petitioner's motion, and its response to the habeas petition is not due until December 30, 2020.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In appropriate circumstances, district courts may hold a habeas petition in abeyance while the petitioner returns to state court to pursue state-court remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275–78 (2005). But this stay-and-abeyance procedure normally is available only when (1) the petitioner had good cause for the failure to exhaust his state remedies first, (2) the unexhausted claims are potentially meritorious, and (3) the petitioner is not engaged in intentionally dilatory litigation tactics. *Id*. at 277–78.

Petitioner alleges in his habeas petition that he has complied with the exhaustion requirement for all the claims presented in his habeas petition. (ECF No. 1, PageID.27-28.)  He appears to be saying in his pending motion that he intends to present the same claims to the state court because state case law in recent years undermines the state courts' decisions in his case. *Id*. at PageID.116, 119.  He correctly points out that Michigan Court Rule 6.508(D)(2) recently was amended to allow a defendant to seek relief from judgment on a claim that was previously decided against him

> in the context of a new claim for relief, such as in determining whether new evidence would make a different result probable on retrial, or if the previously-decided claims, when considered together with the new claim for relief, create a significant possibility of actual innocence[.]

Mich. Ct. R. 6.508(D)(2).

Petitioner has not raised an independent claim of actual innocence, and he does not appear to have a new claim for relief or any new evidence to support his current claims.  Instead, he is relying on the "landmark case" of *People v. Stevens*, 498 Mich. 162; 869 N.W.2d 233 (2015), on the subsequent decision in *People v. Swilley*, 504 Mich. 350; 934 N.W.2d 771 (2019), and on two other cases that followed *Stevens*.  (ECF No.4, PageID.116.)

In *Stevens*, the Michigan Supreme Court "address[ed] the appropriate standard for determining when a trial judge's conduct in front of a jury has deprived a party of a fair and impartial trial[.]"  *Stevens*, 498 Mich. at 164; 869 N.W.2d at

5

238. The state supreme court concluded that "[a] trial judge's conduct deprives a party of a fair trial if the conduct pierces the veil of judicial impartiality." *Id*. The court then stated that "[a] judge's conduct pierces this veil and violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party." *Id*., 498 Mich. at 164; 869 N.W.2d at 238-239. In *Swilley*, the Michigan Supreme Court relied on the standard established in *Stevens* and concluded that the trial judge's questioning of the defendant's alibi witness pierced the veil of judicial impartiality and deprived the defendant of a fair trial. *Swilley*, 504 Mich. at 355-56; 934 NW.2d at 777-778.

The Michigan Court of Appeals determined on direct review of Petitioner's case that: "[t]he trial court's tone and demeanor before the jury was . . . entirely appropriate;" "the trial court's conduct in light of the surrounding circumstances does not suggest impartiality;" and "[t]here is no indication that the trial judge's conduct improperly influenced the jury by creating an appearance of partiality for or against defendant." *Smith*, 2015 WL 6438294, at *6. Given these conclusions, it does not appear that Petitioner has a meritorious claim of judicial partiality to present in a successive motion for relief from judgment.

6

## III.  Conclusion

Petitioner has not persuaded the Court that further exhaustion of state remedies is necessary or warranted.  Accordingly, the Court denies Petitioner's Motion to Hold Habeas Petition in Abeyance (ECF No. 4.)

Dated: December 16, 2020                s/Sean F. Cox
                                        Sean F. Cox
                                        U. S. District Judge