UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY VICTOR SMITH,

    Petitioner,

v.

    CASE NO. 2:20-cv-11525

    HONORABLE SEAN F. COX

SHERMAN CAMPBELL,

    Respondent.

_____/

## ORDER GRANTING RESPONDENT'S MOTION TO ENLARGE THE RESPONSE TIME (ECF No. 7)

This is a *pro se* habeas corpus action under 28 U.S.C. § 2254. Currently before the Court is Respondent Sherman Campbell's motion to enlarge the time for filing a response to the habeas corpus petition by seventy-five days. For the reasons given below, the Court will grant the motion.

### I. Background

Petitioner Henry Victor Smith filed his habeas corpus petition on June 2, 2020. (ECF No. 1.) He challenges his armed robbery conviction, for which he is serving a sentence of twenty-five to fifty years in prison. He was unsuccessful in overturning his conviction on direct appeal and during subsequent post-conviction proceedings. He seeks habeas corpus relief on grounds that his right to due process was violated by the admission of evidence about his heroin addiction, that his trial and appellate attorneys were ineffective, that the jurors saw him being transported by deputies, and that the trial court showed partiality and prevented him from presenting a defense. (*Id*. at PageID.4-7.)

On June 25, 2020, the Court ordered Respondent to file a responsive pleading and relevant portions of the state-court record by December 30, 2020. (ECF No. 2.) Petitioner subsequently moved to hold his habeas petition in abeyance (ECF No. 4), but on December 16, 2020, the Court denied Petitioner's motion (ECF No. 6).  Respondent subsequently filed his motion to enlarge the time for filing a responsive pleading.  (ECF No. 7.)

## II.  Discussion

The Federal Rules of Civil Procedure provide that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).  "[T]he plain language of the rule demonstrates that the good cause standard in the rule is discretionary[.]" *Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013).

Respondent filed his motion on December 29, 2020, which was before the deadline expired for filing a responsive pleading.  Furthermore, counsel for Respondent alleges that she needs adequate time to review the state-court materials, which she received only recently.  In addition, during December 2020, she and five colleagues at the Michigan Department of Corrections were required to prepare pleadings or oral arguments in approximately forty cases pending in federal district court, ten cases pending before the Sixth Circuit Court of Appeals, and sixteen cases pending in the State's appellate courts. The attorneys also filed a petition for the writ of certiorari in the United States Supreme Court.  (ECF No. 7, PageID.133.)

Respondent has satisfied the "good cause" requirement of Rule 6(b)(1)(A). Accordingly, his motion for an enlargement of time, ECF No. 7, is granted. Respondent shall have **seventy-five (75) days** from the date of this order to file the relevant portions of the state-court record and his response to the habeas corpus petition. Petitioner shall have **forty-five (45) days** from receipt of the responsive pleading to file a reply.

    IT IS SO ORDERED.

Dated: January 5, 2021                        s/Sean F. Cox
                                                                          Sean F. Cox
                                                                          U. S. District Judge